UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**VALDEZE MERTHONE HUGHES**                                                                 **PLAINTIFF**

**v.**                                                                        **CIVIL ACTION NO. 4:09CV-P17-M**

**DAVID OSBORNE** *et al.*                                                                       **DEFENDANTS**

## MEMORANDUM OPINION

Seeking monetary and punitive damages, Plaintiff Valdeze Merthone Hughes filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Daviess County Detention Center Jailer David Osborne and Deputy Sanders. Because Plaintiff is a prisoner seeking redress from a governmental entity, officer or employee, this Court must review the complaint and dismiss the complaint, or any portion thereof, if it determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon review, the Court will dismiss the action.

### I.

Plaintiff claims that Deputy Sanders made a threat on his life on February 15, 2009. Plaintiff reports that on that date he was talking with Officer Mattling, telling him that Deputy Sanders told him that he was Colonel Sanders's nephew. Officer Mattling told Plaintiff that Deputy Sanders was lying. Deputy Sanders overhead them talking, walked up to Plaintiff's cell door, and told Plaintiff to "'shut the F*** up and get away from the Door.'" Deputy Sanders then opened the door and "pull[ed] his mase out and told me not to say another word else he was gonna spray the whole can." Officer Mattling was signaling Plaintiff "not to say any thing just let it go," which Plaintiff maintains he did. Plaintiff reports, "Not 5 min's later Officer Sanders

was back at my door telling me 'If he ever seen me on the street he was gonna blow my head of[f] wit his 12 gague shotgun.'"

## II.

Plaintiff sues Defendants in only their official (not individual) capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants Osborne and Sanders, therefore, are actually against Daviess County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is

actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims. Rather, the February 15, 2009, incident appears to be an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by Daviess County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.

A separate Order of dismissal will be entered consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
      Defendants
      Daviess County Attorney
4414.005